```
                UNITED STATES DISTRICT COURT FOR THE
                    WESTERN DISTRICT OF MISSOURI
                          WESTERN DIVISION
```

MICHAEL E. McGAUGHY,              )
                                  )
        Petitioner,               )
                                  )
    vs.                           )   Case No.  05-0263-CV-W-ODS-P
                                  )
STEVE MOORE, et al.,              )
                                  )
        Respondents.              )

### ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner seeks habeas corpus relief from his convictions in the Circuit Court of Buchanan County, Missouri, for assault in the second degree, armed criminal action, and unlawful use of a weapon. The Missouri Court of Appeals affirmed petitioner's convictions. Respondents' Exhibit 8 (unpublished opinion).

Petitioner claims two grounds for relief. First, he claims that the "State . . . failed to prove that [he] knowingly and intentionally shot Mr. Barnes, which are [sic] essential to establishing the corpus delicti of the 2nd Degree Assault . . . ." Doc. No. 1, supp. p. 1 (petition). The Missouri Court of Appeals disagreed:

> Under [Mo.Rev.Stat.] § 565.060, an individual commits the crime of assault in the second degree if he "knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument." . . .
>
> McGaughy claims that the evidence submitted at trial was not sufficient to support a determination that he knowingly shot Barnes. He states that the evidence reflects that he did not have any conflict with Barnes. He also points to

> his own testimony that he did not intend to
> injure Barnes.
>
> . . .
>
> In this case, the State clearly presented
> sufficient evidence from which the jury could
> reasonably infer that McGaughy knowingly shot
> Barnes. . . . [McGaughy] admitted intentionally
> firing the shotgun at a house where he knew
> people were inside. [McGaughy] admitted seeing
> two individuals near the doorway of the duplex,
> and the evidence showed that [McGaughy] shot
> Barnes in the back through the doorway. The jury
> could reasonably have inferred that the shot from
> the gun went where it was aimed and rejected
> [McGaughy's] testimony that he aimed above
> [another person's] head and was not trying to
> hurt anyone. The jury's verdict was clearly
> supported by sufficient evidence.

Respondents' Exhibit 8, pp. 4-6 (citation and footnote omitted).

The Missouri Court of Appeals' resolution of petitioner's first ground was not based on "an unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (constitutional standard for judging sufficiency of evidence in criminal trials); *Barrett v. Acevedo*, 169 F.3d 1155, 1163 (8th Cir.) (federal habeas court must defer to state court's interpretation of state law), *cert. denied*, 528 U.S. 846 (1999).

As his second ground for relief, petitioner claims that the trial court erred "when it refused to give [a jury] instruction for a lesser included offense of 3rd Degree Assault . . . ." Doc. No. 1, supp. p. 1 (petition). Again, the Missouri Court of Appeals disagreed:

"[T]he evidence clearly would not support a conviction for third degree assault based on the injury to Barnes and [McGaughy's] use of a firearm. 'Generally, the use of a deadly weapon precludes a conviction for assault in the third degree.'" Respondents' Exhibit 8, p. 9 (citation omitted).

The Missouri Court of Appeals' resolution of petitioner's second ground was not based on "an unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Robinson v. LaFleur*, 225 F.3d 950, 954 (8th Cir. 2000) ("Jury instructions involve questions of state law, and [a prisoner] has the burden of showing that the instructions used constituted a fundamental defect that resulted in a miscarriage of justice.").

To the extent that petitioner claims other grounds for relief, he did not preserve those claims for federal review, *see* Respondents' Exhibits 6 and 11 (petitioner's state-court briefs), and he has failed to demonstrate cause for and prejudice from his failure to present those claims in state court, *see* Doc. Nos. 8 and 10 (petitioner's reply and addendum).

Accordingly, it is **ORDERED** that this petition for a writ of habeas corpus is denied, and this case is dismissed with prejudice.

3

Case 4:05-cv-00263-ODS   Document 11   Filed 09/28/05   Page 3 of 4

"[T]he evidence clearly would not support a conviction for third degree assault based on the injury to Barnes and [McGaughy's] use of a firearm. 'Generally, the use of a deadly weapon precludes a conviction for assault in the third degree.'" Respondents' Exhibit 8, p. 9 (citation omitted).

The Missouri Court of Appeals' resolution of petitioner's second ground was not based on "an unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Robinson v. LaFleur*, 225 F.3d 950, 954 (8th Cir. 2000) ("Jury instructions involve questions of state law, and [a prisoner] has the burden of showing that the instructions used constituted a fundamental defect that resulted in a miscarriage of justice.").

To the extent that petitioner claims other grounds for relief, he did not preserve those claims for federal review, *see* Respondents' Exhibits 6 and 11 (petitioner's state-court briefs), and he has failed to demonstrate cause for and prejudice from his failure to present those claims in state court, *see* Doc. Nos. 8 and 10 (petitioner's reply and addendum).

Accordingly, it is **ORDERED** that this petition for a writ of habeas corpus is denied, and this case is dismissed with prejudice.

```
                                        /s/ Ortrie D. Smith
                                        ORTRIE D. SMITH
                                        UNITED STATES DISTRICT JUDGE
```

Kansas City, Missouri,

Dated:   9/28/05               .